OPINION
{¶ 1} Defendant-appellant, Charley Hay (hereinafter "Hay"), appeals the judgment of the Union County Court of Common Pleas, finding him guilty of one count of Unlawful Use of a Telecommunications Device and sentencing him to an eleven month term of imprisonment.
 {¶ 2} The charge against Hay stemmed from his alleged involvement in a scheme to defraud telecommunications companies by altering "satellite cards" to access free cable television. Following his indictment, pursuant to a plea agreement, Hay entered a plea of guilty to one count of Unlawful Use of a Telecommunications Device, in violation of R.C.2913.06(B)(1), a felony of the fifth degree.
 {¶ 3} Hay was sentenced on May 3, 2004. Although the state recommended Hay be sentenced to three years community control, the trial court found that Hay was not amenable to community control and imposed a term of imprisonment of eleven months.
 {¶ 4} It is from his conviction and sentence that Hay now appeals and sets forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in disallowing defense counsel access to the PSIuntil mere minutes prior to the sentencing hearing in this case.
 {¶ 5} In his first assignment of error, Hay asserts that the trial court abused its discretion by failing to give defense counsel an opportunity to review the pre-sentence investigation ("PSI") report until "minutes" before the sentencing hearing. Hay contends that counsel's failure to fully review the report resulted in prejudice to him.
 {¶ 6} The purpose of a pre-sentence investigation report is to inform the sentencing judge of relevant aspects of the defendant's history, so that the court will sentence the defendant in an informed, responsible, and fair manner. See Machibroda v. United States (N.D.Ohio, 1973),360 F.Supp. 780. The report is confidential and its contents are governed by Crim.R. 32.2 and R.C. 2951.03. In particular, R.C.2951.03(B)(1) provides that "the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report."
 {¶ 7} Hay claims his counsel had only ten to fifteen minutes to read the lengthy PSI report before sentencing, although counsel was present nearly one hour before the hearing began. There is nothing in the record, however, that supports this contention.
 {¶ 8} Moreover, there is no evidence in the record that indicates the time counsel had to review the PSI report was not sufficient or that counsel was not aware of the entire contents of the PSI report. On the contrary, a review of defense counsel's comments at the sentencing hearing reflected that counsel had a working knowledge of the contents of the report. For example, counsel noted that the PSI did not reflect the current status of Hay's employment and commented that the findings of fact contained in the PSI indicated that Hay responded favorably to post-release control in the past. Further, defense counsel never indicated to the trial court at the sentencing hearing that more time was needed to review the PSI report.
 {¶ 9} From the lack of evidence to support Hay's contention, we cannot conclude that the trial court abused its discretion by "withholding" the PSI report from defense counsel. Accordingly, Hay's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II Ohio's sentencing scheme is unconstitutional pursuant to Blakely v.Washington.
 {¶ 10} In his second assignment of error, Hay contends that Ohio's felony sentencing structure violates the Sixth Amendment to the United States Constitution, based on United States Supreme Court's decision inBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. Therefore, Hay asserts that the Blakely decision requires his sentence to be vacated.
 {¶ 11} In Blakely, the Court further defined a principle announced inApprendi v. New Jersey (2000), 530 U.S. 466. In Apprendi, the Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. The Court defined the relevant "statutory maximum" in Blakely,
determining that it is the "maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Id. at syllabus.
 {¶ 12} This court, however, has determined that Blakely is not applicable to Ohio's statutory scheme. See State v. Trubee (2005), 3d Dist. No. 9-03-65. In Trubee, we recognized the differences between the judicial fact-finding found unconstitutional in Blakely and the determinations that an Ohio sentencing court must make before imposing a sentence under Ohio law. We determined:
[u]nlike the Washington statute, the sentencing "range" created byR.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." Blakely, 124 S.Ct. at 2537. Rather, it limits a defendant'spotential sentence within the statutory range created by R.C. 2929.14(A).Trubee, id. at ¶ 23.
 {¶ 13} Hay asserts that our decision in Trubee was in error. However, we choose to affirm our decision in Trubee and follow the precedent established therein that Ohio's sentencing scheme is not unconstitutional under the United States Supreme Court's decision in Blakely.
 {¶ 14} Hay's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial judge abused its discretion in sentencing this appellant to11 months incarceration contra R.C. 2929.13(B), the applicable sentencingfactors, case law, the joint recommendation of the prosecution anddefense counsel, and principles of equity when compared tosimilarly-situated defendants involved in the same type of conduct andthe same alleged underlying facts.
 {¶ 15} In his final assignment of error, Hay contends that the trial court abused its discretion by demonstrating "a pattern of arbitrariness and capriciousness" throughout the course of Hay's case that culminated in an improper sentence. In support, Hay directs this court to consider the sentencing recommendation of three years community control, which was disregarded by the trial court, the sentences imposed on the other participants in the satellite card scheme, and Hay's criminal history, which, he argues, does not provide an adequate basis for the conclusions made by the trial court.
 {¶ 16} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds, by clear and convincing evidence, that the record does not support the sentencing court's findings or is otherwise contrary to law. See R.C. 2953.08(G)(2). Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999), 136 Ohio App.3d 355, 361.
 {¶ 17} Herein, the trial court sentenced Hay to an eleven-month prison term on one count of Unlawful Use of a Telecommunications Device, a felony of the fifth degree. The prison terms available for a fifth degree felony are six, seven, eight, nine, ten, eleven, or twelve months. See R.C. 2929.14(A)(5). When a trial court imposes a prison term for a felony conviction, R.C. 2929.14(B) provides:
[T]he court shall impose the shortest prison term authorized for theoffense pursuant to division (A) of this section, unless one or more ofthe following applies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
 {¶ 18} According the statutory language of R.C. 2929.14(B), a trial court is only required to make a finding, on the record, when imposing more than the minimum prison term if the offender has never served aprior prison term. Any language relating to a "findings," "finds," or "on the record" is conspicuously absent from R.C. 2929.14(B)(1). State v.Pruiett, 9th Dist. No. 21796, 2003-Ohio-3256, at ¶ 28. Consequently, the trial court may impose more than the statutory minimum sentence on an offender who has served a prior prison term without making any findings at all, as such an offender is not entitled to the presumption of the minimum sentence.[1] State v. Sanders, 11th Dist. No. 2003-L-144,2004-Ohio-5937, at ¶ 17-19. The only relevant inquiries, therefore, are whether the record reflects that the offender served a previous prison term and whether the trial court imposed a sentence that was contrary to law.
 {¶ 19} After review, we cannot find that the trial court's sentencing of Hay was arbitrary or capricious. First, the record reflects that Hay had previously served a prison term on a burglary conviction from 1995. Accordingly, it was within the trial court's province to impose more than the minimum sentence. Additionally, the eleven month sentence imposed by the trial court was within the statutory range permitted by R.C. 2929.14
(A)(5) for a fifth degree felony conviction.
 {¶ 20} Based on this, we cannot find that Hay's sentence was contrary to law. Although Hay's sentence may have been more lengthy than that of the other participants in the satellite card scheme, we cannot find, by clear and convincing evidence, that the trial court abused its discretion in imposing the sentence in light of Hay's criminal history and his particular circumstances at the time of the offense.
 {¶ 21} Accordingly, Hay's third assignment of error is overruled.
 {¶ 22} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 BRYANT and SHAW, J.J., concur.
[1] The trial court may not, however, impose the longest prison term on such an offender without making the statutory findings required by R.C.2929.14(C).