JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, D.D.,[1] appeals the juvenile court's finding that he is delinquent of rape. After a thorough review of the record, and for the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} On March 3, 2006, a complaint was filed in the juvenile court division, charging appellant with four counts of rape under R.C.2907.02(A)(1)(b). Appellant was 14 years old at that time. On July 13, 2006, the trial judge conducted a competency hearing to determine whether six-year-old B.A. and three-year-old S.A. (collectively "the victims") were competent to testify against appellant. The trial court determined that S.A. was not competent, but that B.A. was "marginally competent" to testify.
 {¶ 3} On August 17, 2006, the bench trial ended. After denying both of appellant's Crim.R. 29 motions for acquittal, the trial court found him delinquent on four counts of rape. On October 3, 2006, the trial court committed him to the Ohio Department of Youth Services for a minimum of one year. Appellant was also ordered to complete a sex offender program.
 {¶ 4} The facts that lead to this appeal are as follow. On December 23, 2005, B.A. told his older sister, A.H., that appellant had raped him. A.H. immediately called *Page 3 
their mother, Bridget H. ("Mother") at work to advise her. Mother returned home and took the victims to the hospital, where they were examined by doctors and interviewed by the police.
 {¶ 5} According to Mother, she and her three children live with Linda and Robert Head. Mother testified that appellant is her nephew and lives with his mother, Sonia (Bridget's sister); Sonia's boyfriend, Walter; Sonia's daughter, Monique; and Sonia's and Bridget's mother, Barbara.
 {¶ 6} A.H. (age 13), testified that on December 23, 2005, she made a phone call to her grandmother's house and talked to appellant (her cousin), who asked that A.H. and the victims visit him that weekend. B.A. told A.H. he did not want to go because of appellant's inappropriate contact with him. A.H. then called their mother at work.
 {¶ 7} A.H. testified that appellant and his sister, Monique, spent the night at her house a week prior to December 23rd. On that evening, A.H., appellant, and Monique were upstairs watching television, while the victims slept downstairs. Appellant left to use the bathroom. A short time later, A.H. went downstairs to check on the victims. She opened the bedroom door and saw appellant standing over B.A. with his hands on B.A.'s waist. B.A. was on his hands and knees with his shorts pulled down. Appellant was wearing boxer shorts and a T-shirt. Appellant commented that he was just tickling B.A. *Page 4 
 {¶ 8} B.A. testified that one time at his home, appellant raped him in a closet during a game of hide and seek. He further testified that appellant also raped him once at appellant's home in appellant's bedroom, and once in the bathroom at B.A.'s house. Additionally, B.A. testified that he saw appellant anally rape S.A. in his mother's bedroom, while B.A. was lying in bed with S.A.
 {¶ 9} According to B.A., appellant told him he was raping him because B.A. was bad in school. B.A. testified that appellant had given him a shower a few times; however, according to Mother, she never gave appellant permission to give B.A. a shower.
 {¶ 10} Detective Susan Schmid interviewed the victims, Mother, A.H., and Linda Head. She referred the children to Sexual Assault Nurse Examiner, Laura McAliley ("the nurse"). She also interviewed McAliley and social worker, Lauren Hall. According to Det. Schmid, the rapes at the victims' home occurred on December 17 and 18, 2005. She was not certain of the date of the incident that occurred at appellant's house. Det. Schmid also interviewed appellant, who admitted that he was at the victims' house, and at his house, when the respective alleged rapes occurred.
 {¶ 11} Appellant claimed he was wrestling with B.A., and that he washed B.A.'s hair in the shower at the request of Mother (his aunt). He also admitted being in the bedroom with the victims the night A.H. found him. He first told Det. Schmid *Page 5 
that he went into the bedroom and told B.A. and S.A. to get to sleep. He later changed his story and said that he went in there to play with B.A.
 {¶ 12} The nurse testified that she examined the victims and determined that it was "very likely" that B.A. had been sexually abused and "very possible" that S.A. had been sexually abused. She found B.A. to be "consistent * * * and [he] appeared distressed or repulsed." He told her that when he was raped, it hurt and he cried. He also stated that appellant used lotion. B.A. told her that he saw appellant rape his sister. The nurse stated that the lack of physical evidence was not unusual because "healing in the anal and genital area * * * is very rapid. It generally does not leave scarring."
 {¶ 13} Sonia D., appellant's mother, testified that appellant and Monique did sleep over at the victims' house, and that B.A. and S.A. frequently stayed at her house. She never saw any sexual contact between the children. She testified that she believed B.A. often "tattled" on other children.
 {¶ 14} Walter G., appellant's father, testified that if appellant had molested B.A., B.A. would tell the truth.
 {¶ 15} Appellant brings this appeal, asserting seven assignments of error for our review.[2]
 Competency to Testify *Page 6 {¶ 16} "I. The trial court erred when it found [B.A.] "marginally competent" to testify in violation of [D.D.'s] rights to due process and a fair trial. Evid.R. 601(A); Fifth, Sixth, and Fourteenth Amendments, United States Constitution; Article 1, Section 16, Ohio Constitution."
 {¶ 17} Appellant argues that the trial court erred when it found B.A. competent to testify. He also argues that finding that B.A. was marginally competent was not sufficient to find him competent to testify. This argument is without merit.
 {¶ 18} It is well established that under Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231; State v. Sibert
(1994), 98 Ohio App.3d 412. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104, 107. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins (1984),15 Ohio St.3d 164. Finnerty, supra, at 107-108.
 {¶ 19} Under Evid.R. 601(A), "every person is competent to be a witness except: those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly. * * *." Here, the court found "that [B.A.] is marginally competent to testify." *Page 7 
 {¶ 20} The trial court must consider certain factors in determining whether a child under ten is competent. These factors include "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he * * * will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what he observed, (4) the child's understanding of truth and falsity, and (5) the child's appreciation of his * * * responsibility to be truthful." State v. Frazier (1991), 61 Ohio St.3d 247, 251,574 N.E.2d 483.
 {¶ 21} B.A. communicated his ability to receive accurate impressions of fact and his ability to recall those impressions. He testified as to his age, birthday, and grade in school. He also testified about a toy he had received for Christmas. Clearly, this testimony meets the first three factors the trial judge should have considered. B.A. also indicated that he understood the difference between true and false when he was asked whether certain statements would be lies or truths. Finally, he clearly appreciated his responsibility to be truthful. He was sworn in and told the court that he knew that telling a lie would get him in trouble. Clearly, the trial judge considered the appropriate factors in determining whether B.A. was competent to testify.
 {¶ 22} Appellant makes several additional arguments within this assignment of error. Specifically, he argues that the trial judge had a duty to delve further into B.A.'s ability to tell the difference between right and wrong. However, under Frazier, the court must evaluate a witness' understanding of the difference between a truth *Page 8 
and falsity (objective), not the difference between right and wrong (subjective). Appellant also argues that the judge should have inquired further when B.A. could not tell where his relatives lived. We find that it is not unusual for a six-year-old to be unfamiliar with locations, and this fact does not indicate that B.A. was incompetent to testify.
 {¶ 23} After evaluating B.A., the trial judge appropriately found him competent to testify. Accordingly, appellant's first assignment of error is overruled.
 Violation of Confrontation Clause {¶ 24} Because assignments of error two and three are substantially interrelated, they will be addressed together.
 {¶ 25} "II. The trial court erred when it allowed the state to present [B.A.'s] out-of-court statements against [D.D.] in violation of his right to confront his accusers. Sixth and Fourteenth Amendments to the United States Constitution, Article 1, Section 10 of the Ohio Constitution, and Evid.R. 601(A).
 {¶ 26} "III. The trial court erred when it allowed the state to present inadmissible hearsay during [D.D.'s] trial in violation of theFifth, Sixth, and Fourteenth Amendments to the United States Constitution, Sections 10 and 16 of Article I of the Ohio Constitution, and Evid.R. 801(C)."
 {¶ 27} Appellant argues that the trial court erred when it violated his right to confrontation when it admitted B.A.'s statements to the nurse. He also argues that these statements were inadmissible hearsay. These arguments are without merit. *Page 9 
 {¶ 28} As appellant correctly states, the Sixth Amendment to the United States Constitution guarantees all criminal defendants the right to confront the witnesses against them. The Confrontation Clause provides a constitutional safeguard to ensure that a criminal defendant will not be convicted of a crime based on the charges of unseen, unknown, and unchallengeable witnesses. Lee v. Illinois (1986),476 U.S. 530, 540, 106 S.Ct. 2056, 90 L.Ed.2d 514; State v. Gilliam (1994),70 Ohio St.3d 17, 19, 635 N.E.2d 1242. However, "where non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law * * * as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." Crawford v. Washington (2004), 541 U.S. 36,68, 124 S.Ct. 1354, 159 L.Ed.2d 177. Thus, Crawford only applies to hearsay statements that are not subject to any hearsay exceptions.State v. Banks, Franklin App. No. 03AP-1286, 2004-Ohio-6522.
 {¶ 29} Generally, statements made by sexual abuse victims to nurses are considered non-testimonial. In re D.L., Cuyahoga App. No. 84643,2005-Ohio-2320. Patients are naturally motivated to be truthful with their [health care professionals] so that they may obtain effective treatment. State v. McWhite (June 14, 1991), 6th Dist. No. L-89-303. Admitting such statements usually depends on the declarant's perception while making the statements. State v.Jennings, Clark App. No. 2002-CA-78, 2003-Ohio-4429. *Page 10 
 {¶ 30} Here, the nurse examined B.A. to determine if there were any infections or injuries due to the alleged abuse. She was not interviewing B.A. to develop testimony for trial. Further, it is extremely unlikely that a six-year-old child was thinking about trial or criminal charges when he spoke to the nurse. Finally, B.A. was found to be competent to testify, testified at trial, and was cross-examined by appellant. Therefore, we find that there was no violation of the Confrontation Clause.
 {¶ 31} Appellant also argues that B.A.'s statements to the nurse were inadmissible hearsay; however, we find that those statements were properly admitted under Evid.R. 803(4). Hearsay evidence is generally inadmissible, unless an exception is determined to be applicable. Evid.R. 803(4) provides that "statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are an exception to the hearsay rule.
 {¶ 32} B.A.'s statements to the nurse were all made for the purpose of medical diagnosis or treatment. B.A. was there to receive medical treatment because of the alleged abuse. Therefore, we find that the statements clearly fall within this exception. Accordingly, appellant's second and third assignments of error are overruled.
 Sufficiency of the Evidence *Page 11 and Manifest Weight of the Evidence {¶ 33} Because assignments of error four and five are substantially interrelated, they will be addressed together.
 {¶ 34} "IV. The trial court violated [D.D.'s] right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, and Juv.R. 29(E)(4) when it adjudicated him delinquent of rape absent proof of every element of the charge against him by sufficient, competent, and credible evidence.
 {¶ 35} "V. The trial court violated [D.D.'s] right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it adjudicated him delinquent of rape, when that finding was against the manifest weight of the evidence."
 {¶ 36} Appellant argues that the findings that he was delinquent of rape were not supported by sufficient evidence. He also argues that the findings were against the manifest weight. These arguments are without merit.
 {¶ 37} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, citing Jackson v.Virginia (1979), 443 U.S. 307. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the trier of fact as to *Page 12 
the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.State v. DeHass (1967), 10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259; Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 38} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 39} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v.Florida, (1982) 457 U.S. 31 that, "unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double *Page 13 
jeopardy clause as a bar to relitigation." Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin
(1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. TheMartin court stated:
 {¶ 40} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 41} Under R.C. 2907.02(A)(1)(b), "no person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * the other person is less than thirteen years of age, * * *."
 {¶ 42} Appellant's first argument is that if this court finds that B.A. was not competent to testify, and that the nurse's testimony was inadmissible, there is insufficient evidence to find appellant delinquent of rape. This argument is without merit because we find that B.A. was competent to testify, and the nurse's testimony was admissible.
 {¶ 43} It is clear that there was sufficient evidence to support the elements of rape. There was testimony from the witnesses that appellant engaged in sexual conduct (anal rape) with another (B.A. and S.A.) when those persons were under the age of thirteen (here, age 6 and age 3). B.A. testified regarding what appellant did to *Page 14 
him. A.H. testified that she saw appellant standing over B.A. The nurse testified that the victims had "very likely" and "very possibly" been sexually abused. B.A. testified that he saw appellant rape S.A.
 {¶ 44} Finally, appellant argues that the findings of delinquency are against the manifest weight of the evidence. After a review of the evidence discussed above, we find that this argument is also without merit. The testimony of B.A., A.H., and the nurse supports the rape allegations. Mother and appellant's parents testified that the children often spent time together. Appellant's father even testified that B.A. was likely to tell the truth. Appellant himself testified that he was at the scene of the alleged rapes. Further, appellant's story changed a couple of times.
 {¶ 45} It is the responsibility of the trier of fact to determine credibility and weigh the evidence. We find that it was not against the manifest weight to find appellant delinquent of rape. Accordingly, appellant's fourth and fifth assignments of error are overruled.
 Credit for Time in Detention {¶ 46} "VI. The juvenile court erred when it failed to credit the days [D.D.] was held in the Cuyahoga County Juvenile Detention Center toward the balance of his commitment to the Ohio Department of Youth Services in violation of R.C. 2152.18(B)." *Page 15 
 {¶ 47} Appellant argues that the trial court erred when it failed to credit him the days in which he spent time in the juvenile detention center. We find merit in this argument.
 {¶ 48} Under R.C. 2152.18(B), "when a juvenile court commits a delinquent child to the custody of the department of youth services * * *, the court shall state in the order of commitment the total number of days that the child has been held in detention * * *. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so held in detention * * * and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department."
 {¶ 49} Appellant received three days of detention credit. Appellant argues that he should have received 85 days credit. According to the state, appellant should have received a total of 44 days credit, including 41 pre-commitment days and three days appellant was held before being physically transferred to the Ohio Department of Youth Services. A review of the record shows that 44 days is the appropriate credit.
 {¶ 50} The appropriate remedy, under Section 3(B)(2), Article IV of the Ohio Constitution, is to remand to the trial court "to determine the proper amount of credit for time served to be given toward the balance of appellant's commitment to the Department of Youth Services." In reSeavolt, Morrow App. Nos. 2006-CA-0010 and *Page 16 
2006-CA-0011, 2007-Ohio-2812. Accordingly, appellant's sixth assignment of error is sustained.
 Ineffective Assistance of Counsel {¶ 51} "VII. [D.D.] was denied his constitutional right to effective assistance of counsel. Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."
 {¶ 52} Appellant argues that he was denied effective assistance of counsel. He specifically alleges that his lawyer failed to object to the court's decision to admit the testimony of the nurse and failed to use an expert witness to testify about a BCI lab report and the emergency room doctor's report. These arguments are without merit.
 {¶ 53} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144. In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. *Page 17 
 {¶ 54} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 {¶ 55} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978),438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668:
 {¶ 56} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691.
 {¶ 57} To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In *Page 18 
adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice.
 {¶ 58} We find here that defense counsel's performance was not seriously flawed and deficient. As stated above, the court properly admitted the nurse's testimony; therefore, defense counsel did not err in failing to object.
 {¶ 59} Appellant also argues that his lawyer should have used expert witnesses. Consulting such an expert is "well within the standard of reasonable trial tactics." State v. Day, Cuyahoga App. No. 79368, 2002-Ohio-669. Ordinarily, the use of trial tactics does not constitute a denial of effective assistance of counsel. State v. Briscoe (Nov. 22, 2000), Cuyahoga App. No. 77832. Because calling witnesses is within the realm of trial tactics, defense counsel did not have a duty to call an expert witness. The BCI report and the emergency room records were stipulated to and admitted into evidence; therefore, it was not unreasonable for trial counsel to determine that an expert was not needed.
 {¶ 60} Even if we found that defense counsel's representation was flawed, appellant has not demonstrated that the outcome of the case would have been different, but for those flaws. Accordingly, appellant's seventh assignment of error is overruled.
 {¶ 61} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed. *Page 19 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., JUDGE
 JAMES J. SWEENEY, A.J., and ANN DYKE, J., CONCUR *Page 20 
 APPENDIX
Appellant's seven assignments of error:
I. The trial court erred when it found [B.A.] "marginally competent" to testify in violation of [D.D.'s] rights to due process and a fair trial. Evid.R. 601(A); Fifth, Sixth, and Fourteenth Amendments, United States Constitution; Article 1, Section 16, Ohio Constitution.
II. The trial court erred when it allowed the state to present [B.A.'s] out-of-court statements against [D.D.] in violation of his right to confront his accusers. Sixth and Fourteenth Amendments to the United States Constitution, Article 1, Section 10 of the Ohio Constitution, and Evid.R. 601(A).
III. The trial court erred when it allowed the state to present inadmissible hearsay during [D.D.'s] trial in violation of the Fifth,Sixth, and Fourteenth Amendments to the United States Constitution, Sections 10 and 16 of Article I of the Ohio Constitution, and Evid.R. 801(C).
IV. The trial court violated [D.D.'s] right to due process under theFifth and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, and Juv.R. 29(E)(4) when it adjudicated him delinquent of rape absent proof of every element of the charge against him by sufficient, competent, and credible evidence.
V. The trial court violated [D.D.'s] right to due process under theFifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it adjudicated him delinquent of rape, when that finding was against the manifest weight of the evidence.
VI. The juvenile court erred when it failed to credit the days [D.D.] was held in the Cuyahoga County Juvenile Detention Center toward the balance of his commitment to the Ohio Department of Youth Services in violation of R.C. 2152.18(B).
VII. [D.D.] was denied his constitutional right to effective assistance of counsel. Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio constitution.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.
[2] Appellant's assignments of error are listed in order in the Appendix of this Opinion. *Page 1