[Cite as *State v. Parks*, 2012-Ohio-1981.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                           :

     Plaintiff-Appellee                          :          C.A. CASE NO.    24493

v.                                                             :          T.C. NO.    10CR3394/3

DANA H. PARKS                                      :          (Criminal appeal from
                                                                          Common Pleas Court)

     Defendant-Appellant                      :

                                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____4th____ day of ____May____, 2012.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 W. Second Street, Suite 400, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Defendant-appellant Dana Parks appeals from his conviction and

sentence for aggravated burglary.

I

**{¶ 2}** On November 15, 2010, Parks was indicted on one count each of aggravated burglary and rape; each charge carried a firearm specification. His co-defendant Dominique Sharpe was charged with aggravated burglary, and his co-defendant Daywone Dewberry was charged with felonious assault.

**{¶ 3}** On the morning of trial, Sharpe and Dewberry entered into plea agreements with the State to plead as charged in exchange for sentencing caps of five years. Later that morning, Parks pled guilty to the aggravated burglary charge. In exchange, the State agreed to dismiss the rape charge and the two firearm specifications, and the State agreed to a sentencing cap of eight years.

**{¶ 4}** The trial court ordered a pre-sentence investigation (PSI) report and scheduled the case for a sentencing hearing. Dewberry was sentenced to four years and Sharpe was sentenced to three years. The trial court sentenced Parks to six years in prison.

**{¶ 5}** The following day, Parks sent to the trial court judge a letter, which the judge construed as a motion to withdraw his plea. In that motion, Parks indicated that he wanted to withdraw his plea because Sharpe, who had been convicted of the same crime, had only been sentenced to three years in prison. After conducting a hearing on Parks's motion, the trial court overruled his request to withdraw his plea. Parks appeals.

II

**{¶ 6}** Parks's First Assignment of Error:

"MR. PARKS WAS DENIED EFFECTIVE ASSISTANCE OF

COUNSEL."

{¶ 7} In his First Assignment of Error, Parks offers a cursory claim that his trial counsel was ineffective for failing to make an oral motion to withdraw Parks's guilty plea prior to sentencing. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 104 L.Ed.2d 2052 (1984). *See also State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.*

{¶ 8} Parks maintains that during his sentencing hearing, but prior to learning of his sentence, he asked his attorney, off the record, if he could withdraw his plea. Counsel advised Parks that it would not be in his best interest to do so. Neither Parks nor his counsel said anything to the court about withdrawing the plea at that time, and the sentencing hearing continued. Parks and defense counsel testified at the motion hearing, and counsel agrees that this brief exchange took place, but he could not remember whether it occurred before or after Parks learned what his sentence would be. In the decision overruling Parks's motion to withdraw his plea, the trial court did observe that "Parks can be seen, as the court began the sentencing, briefly talking with his attorney, but the substance of the very brief interaction between them cannot be overheard on the video recording herein." Therefore, for the sake of this assignment of error, we will assume that the exchange took place before Parks had learned of his sentence.

**{¶ 9}** Criminal Rule 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Relying on this rule, Parks insists that, had counsel made an oral motion to withdraw his plea prior to sentencing, the motion would have been granted, because a lower standard is applied to motions made prior to sentencing than to motions made after sentencing. However, this argument focuses entirely on the "prejudice" prong of *Strickland,* and ignores the first prong, that of "deficient performance."

**{¶ 10}** "A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal." *State v. Xie,* 62 Ohio St.3d 521, 526-27, 584 N.E.2d 715 (1992). This does not mean that a defendant has an absolute right to withdraw his plea prior to sentencing. *Id.* at paragraph one of the syllabus. A trial court does not abuse its discretion in denying a pre-sentencing motion to withdraw a guilty plea

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863, (8th Dist. 1980) paragraph three of the syllabus.

**{¶ 11}** In this assignment of error, Parks offers no reasonable or legitimate basis for withdrawing his plea. He did argue in his motion to withdraw his plea and in his Second and Third Assignments of error that he should have been allowed to withdraw his plea because he had received a lengthier sentence than Sharpe.

**{¶ 12}** During the motion hearing, Parks also claimed that he was unhappy with counsel's representation and felt forced to accept the plea. However, as the trial court pointed out, the transcript of the plea hearing belies this claim. Moreover, we agree with the trial court's conclusion that "Parks's real dissatisfaction is with the sentence imposed by this court; and in an effort to attempt to avoid that sentence, he is now attempting to blame his trial counsel for his dilemna [sic]." "Even in pre-sentence motions to withdraw a guilty plea, a change of heart is still not sufficient grounds to allow withdrawal of the guilty plea." *State v. Sylvester,* 2d Dist. Montgomery No. 22289, 2008-Ohio-2901, ¶ 19, citing *Xie.*

**{¶ 13}** Under these circumstances, even had counsel moved to withdraw Parks's plea at the sentencing hearing, when there would have been a "lesser" burden, it is highly unlikely that such a motion would have been successful. Counsel has no duty to file a motion that had no reasonable probability of success. *State v. Carmon,* 10th Dist. Franklin No. 11AP-818, 2012-Ohio-1615, ¶ 12, citations omitted. *See also State v. Meeds,* 2d Dist. Miami No. 2003 CA 5, 2004-Ohio-3577, ¶ 11.

**{¶ 14}** The mere fact that counsel did not request that Parks be allowed to withdraw his plea at the sentencing hearing does not mean that counsel's performance was deficient. Parks had been charged with two first-degree felonies, each with a firearm specification, and faced a very lengthy sentence as well as sexual offender registration. He

pled to the one non-registration offense, without a mandatory firearm specification, and a cap of eight years. If, as Parks alleges, his desire to withdraw his plea was discussed prior to sentencing, then the inconsistency he alleges in his other assignments was not known to him. He proffers no other reason that would be contrary to his counsel's advice or somehow make that advice deficient. Therefore, we must assume that counsel's advice was sound, and well within the wide range of effective representation. Absent any evidence in the record to the contrary, we will not presume that counsel's representation fell below an objective standard of reasonableness.

{¶ 15} Parks's First Assignment of Error is overruled.

III

{¶ 16} Parks's Second Assignment of Error:

"THE TRIAL COURT ERRED IN OVERRULING MR. PARKS'S MOTION TO WITHDRAW HIS PLEA."

{¶ 17} In his Second Assignment of Error, Parks argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea because his sentence was manifestly unjust in that he should not have received a harsher sentence than those of his co-defendants.

{¶ 18} Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases. *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice. Crim.R. 32.1; *State v. Harris,* 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, at ¶ 7, citing *Smith* at paragraph one of the syllabus.

Consideration of "[t]he motion is 'addressed to the sound discretion' of the trial court." *Harris* at ¶ 7, citing *Smith* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *Id.* at ¶ 7, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion means "that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.*

{¶ 19} Parks argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because his sentence was not "consistent" with either the four-year sentence imposed upon Dewberry or the three-year sentence received by Sharpe. He insists that the "inconsistent" sentences violate R.C. 2929.11(B), which states that a felony sentence "shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 20} However, referring to *State v. Hayes,* 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 9, and *State v. Rupert,* 11th Dist. Lake No. 2003-L-154, 2005-Ohio-1098, ¶ 11, *rev'd on other grounds, sub nom. In re Ohio Criminal Sentencing Statutes Cases,* 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, Parks concedes that the R.C. 2929.11(B) consistency requirement "has not been interpreted to mean that co-defendants must receive equal sentences." Instead, consistent sentencing occurs when a trial court properly considers the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12 in each case. *See, e.g., State v. O'Keefe,* 10th Dist. Franklin Nos. 08AP-724, 08AP-725 & 08AP-726, 2009-Ohio-1563, ¶ 41; *State v. Ward,* 4th Dist. Meigs No. 07CA9, 2008-Ohio-222, ¶ 17; *State v. Wilson,* 6th Dist. Lucas No. L-06-1303, 2008-Ohio-80, ¶ 6. As detailed in response to Parks's Third Assignment of Error, the trial

court did properly consider the statutory sentencing factors and guidelines in Parks's case.

{¶ 21} Furthermore, at sentencing "[t]he evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *State v. Bowser,* 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.). For example, the trial court may consider facts supporting a charge that was dismissed pursuant to a plea agreement, such as the rape and firearm specifications in this case. *Id.* at ¶ 15-16. Those facts will frequently differ from one defendant to another.

{¶ 22} Parks concludes by asking this Court to review his PSI, and those of Dewberry and Sharpe and to compare them in order to determine whether the sentences were "consistent."

{¶ 23} "The purpose of a pre-sentence investigation report is to inform the sentencing judge of relevant aspects of the defendant's history, so that the court will sentence the defendant in an informed, responsible, and fair manner." *State v. Hay,* 3d Dist. Union No. 14-04-18, 2005-Ohio-3443, ¶ 6, citation omitted. Moreover, "[t]he report is confidential and its contents are governed by * * * R.C. 2951.03. In particular, R.C. 2951.03(B)(1) provides that 'the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report.'"[1] *Id.*

{¶ 24} In summary, the trial court was not required to allow Parks to withdraw his guilty plea merely because he received a harsher sentence than those of his co-defendants.

---

[1] We note Appellant's brief says he does not have access to the PSI. However, we routinely grant requests for appellate counsel to review the PSI relevant to the appeal or to otherwise supplement the record.

The trial court did not abuse its discretion in denying Parks's motion to withdraw his guilty plea, Parks's Second Assignment of Error is overruled.

IV

**{¶ 25}** Parks's Third Assignment of Error:

"THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW AND EXCESSIVE."

**{¶ 26}** In his Third Assignment of Error, Parks insists that his sentence was not authorized by law because it was excessive, in that it was longer than the sentences received by his co-defendants and because the trial court improperly considered his use of a firearm in the commission of the crime.

**{¶ 27}** We begin with the question of whether Parks has waived his right to appeal his sentence. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is <u>authorized by law</u>, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1) (emphasis added).

**{¶ 28}** The sentencing range that Parks faced for his aggravated burglary conviction was three to ten years. R.C. 2929.14(A)(1). As part of the plea agreement, Parks's sentence was capped at eight years. The trial court sentenced Parks to six years, four years less than the statutory maximum, and two years less than the agreed-upon sentencing cap.

**{¶ 29}** "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing

provisions." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. In other words, we must examine the trial court's compliance with all applicable rules and statutes to determine whether the sentence is contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. A sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the R.C. 2929.12 factors. *Id.* at ¶ 18.

{¶ 30} If the defendant's sentence is not clearly and convincingly contrary to law, we must review the trial court's sentencing decision under an abuse of discretion standard. *State v. Bailey,* 2d Dist. Clark No. 2011CA40, 2012-Ohio-1569, ¶ 14, citing *State v. Ulrich,* 2d Dist. Montgomery No. 23737, 2011-Ohio-758, ¶ 22. In the context of felony sentencing, an abuse of discretion may be found if the sentencing court unreasonably or arbitrarily weighs the statutory factors. *Id.* at ¶ 15, citing *State v. Saunders,* 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, ¶ 15.

{¶ 31} Parks argues that his sentence fails to comply with R.C. 2929.12(B), which establishes that a felony sentence "shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." He seems to argue that co-defendants convicted of the same crime must receive the same or very similar sentences without regard to any other factors. However, determining whether offenders and their crimes are "similar" involves the weighing of many factors.

{¶ 32} Here, prior to imposing sentence, the trial court gave a thorough explanation of the reasons for imposing a six-year sentence. The court noted that Parks had

a lengthy juvenile record that included two adjudications for grand theft of a motor vehicle and criminal damaging, and adjudications for fleeing and eluding, disorderly conduct, underage consumption, menacing, theft, assault, and aggravated menacing.

{¶ 33} Additionally, as an adult, Parks had numerous misdemeanor convictions including two convictions for each of the following charges: disorderly conduct, public intoxication, driving without a license, possession of marijuana, obstructing official business, and theft; and one conviction for each of the following charges: domestic violence, liquor control, open container, criminal trespass, and possession of drugs. Parks also had a prior felony conviction, for receiving stolen property (motor vehicle), for which he was sentenced to community control. According to the trial court during the sentencing, Parks's compliance with the terms of his supervision "was marginal at best."

{¶ 34} The court also stated that it believed that Parks's role in the criminal activity with his co-defendants was "much more serious than [he had] ever acknowledged." The court further explained, "your sentence is not the same as your co-defendants, because of the serious nature of the factual allegations regarding you. The fact that even though the firearm specification was dismissed, that there was evidence that you had a firearm on your person when this occurred, [is] certainly a factor for me to consider in the seriousness of the offense."

{¶ 35} The court concluded by expressly stating it had "[c]onsider[ed] the purposes and principles of sentencing, the seriousness and recidivism factors, and all of the other factors" detailed above. The court also considered the victims' statements, which were made part of the PSI. Furthermore, we note that Parks knew when he entered his plea

that he was agreeing to a sentencing cap three years greater than the caps to which his co-defendants agreed.

{¶ 36} Finally, Parks argues that his sentence is not authorized by law because the trial court improperly considered his use of a gun in the commission of the crime. In support of this claim, Parks directs our attention to *State v. Sims,* 4th Dist. Gallia No. 10CA17, 2012-Ohio-238, in which the court held that "[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself." *Id.* at ¶ 16, citations omitted. However, the *Sims* case is distinguishable from the instant case.

{¶ 37} Specifically, the *Sims* court found that because the use of a deadly weapon is an element of every aggravated robbery case, the trial court could not consider the defendant's use of a knife while committing the crime, in order to support a finding that the offense was of a more serious nature for the purpose of sentencing. *Id.* at ¶ 19, citations omitted. On the other hand, Parks was convicted of aggravated burglary, in violation of R.C. 2911.11(A)(1), which states: "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit * * * any criminal offense, if * * * [t]he offender inflicts, or attempts, or threatens to inflict physical harm on another." Thus, unlike a conviction under R.C. 2911.11(A)(2), the use of a deadly weapon is not an element of the offense of which Parks was convicted.

{¶ 38} Nevertheless, Parks maintains that the trial court's consideration of his use of a weapon during the aggravated burglary was improper because the firearm specification

was dismissed. Therefore, he "asks this Court to review the PSI to see if evidence is contained therein that Mr. Parks used a weapon during the commission of the convicted crime." We have reviewed the PSI, and it does support the trial court's finding that Parks used a handgun during the commission of the aggravated robbery.

{¶ 39} Because Parks's sentence is authorized by law, the range was agreed to by both the State and the defense, and the sentencing court imposed it, Parks has waived his right to appeal that sentence.

{¶ 40} Furthermore, to the extent that Parks has not waived this assignment, we find it not well-taken. With the record before us, his sentence was neither excessive, nor was it inconsistent with sentences imposed for similar crimes committed by similar offenders merely because it was lengthier than the sentences imposed upon his co-defendants.

{¶ 41} Parks's Third Assignment of Error is overruled.

V

{¶ 42} Having overruled all three of Parks's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Johnna M. Shia
Lucas W. Wilder
Hon. Mary Katherine Huffman