[Cite as *Easterling v. Hafer*, 2012-Ohio-2101.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| WARREN EASTERLING | : | |
| | : | Appellate Case No.   24950 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2011-CV-1813 |
| v. | : | |
| | : | |
| WILLIAM HAFER | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

· · · · · · · · · · ·

# O P I N I O N

Rendered on the 11th day of May, 2012.

· · · · · · · · · ·

WARREN EASTERLING, 71 Arlington Avenue, Dayton, Ohio 45417
       Plaintiff-Appellant, *pro se*

MATHIAS H. HECK, JR., by JOHN A. CUMMING, Atty. Reg. #0018710, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Defendant-Appellee

· · · · · · · · · · · ·

HALL, J.

{¶ 1}    Warren Easterling appeals pro se from the trial court's entry of summary

judgment against him on the basis of res judicata.

{¶ 2} Easterling advances four assignments of error on appeal. First, he contends the trial court erred in converting a motion to dismiss into a motion for summary judgment without having allowed "the presentation of evidentiary materials" in a prior case. Second, he alleges error based on the fact that the trial court judge in this case also presided over the prior case. Third, he contends the trial court erred in finding that the only evidence he submitted in this case related to the prior case. Fourth, he contends the trial court erred in entering summary judgment in the present case based on res judicata.

{¶ 3} The record reflects that Easterling filed the present action against appellee, William Hafer, a Montgomery County Common Pleas Court bailiff, on March 9, 2011. The complaint includes several causes of action stemming from Hafer's actions in another case, *Easterling v. Croswell Bus Lines*, Montgomery C.P. No. 2009 CV 8648.   A visiting judge was assigned to hear the case. Hafer responded to the complaint with a Civ.R. 12(B)(6) motion to dismiss, arguing inter alia that res judicata barred Easterling's claims. After giving the parties proper notice and an opportunity to submit evidentiary materials, the trial court converted Hafer's motion to a Civ.R. 56 motion for summary judgment. (Doc. #21).

{¶ 4} On December 5, 2011, the trial court entered final judgment in favor of Hafer, finding that res judicata applied. It noted that Easterling previously had sued Hafer in 2010, asserting claims stemming from Hafer's participation in *Easterling v. Croswell Bus Lines*. Easterling's 2010 lawsuit against Hafer was dismissed pursuant to Civ.R. 12(B)(6) on the basis of statutory immunity.  *See Easterling v. Hafer*, Montgomery C.P. No. 2010 CV 2337. An appeal in the 2010 case voluntarily was dismissed. *See Easterling v. Hafer*, 2d Dist.

Montgomery No. 24038. The trial court concluded that res judicata prevented Easterling from suing Hafer again. It reasoned:

> The claims set forth in Easterling's complaint in 2010 CV 2337 relate to Easterling's prosecution of Case No. 2009 CV 8648. * * *
>
> The claims set forth in Easterling's complaint in the present case again relate to his prosecution of Case No. 2009 CV 8648. * * *
>
> Hafer, in his motion to dismiss, claims that because the claims asserted by Easterling in both complaints arise out of identical facts and circumstances, that the court's dismissal of the claims in 2010 CV 2337 bars the claims asserted by Easterling in the present case under the doctrine of res judicata.
>
> * * *
>
> In the present matter, although the theories for recovery are different from the previous case, the parties are identical and the claims arise out of the identical transaction or set of circumstances as alleged in the prior action. The doctrine of claims preclusion bars Easterling from relitigating these matters. * * *

(Doc. #28 at 1-2).

**{¶ 5}** Easterling's first assignment of error states:

"THE TRIAL COURT JUDGE ERRED WHEN HE GRANTED A DISMISSAL BASED UPON RULE 12B6 AND CONVERTED IT TO SUMMARY JUDGMENT UNDER RULE 56 WITHOUT ALLOWING FOR THE PRESENTATION OF EVIDENTIARY MATERIALS AS REQUIRED BY RULE 12(B7) IN CASE 2010 CV 2337."

{¶ 6}    In this assignment of error, Easterling challenges the Civ.R. 12(B)(6) dismissal of the claims in his prior lawsuit against Hafer. He contends the trial court violated "Civ.R. 12(B7)" in the 2010 case by converting a motion to dismiss into a motion for summary judgment without allowing him to present evidence. He asserts that res judicata cannot be invoked here because the 2010 judgment against him was erroneous. He also argues that the trial court in the present case ignored his request to vacate the 2010 judgment.

{¶ 7}    Upon review, we find the foregoing arguments to be unpersuasive. If Easterling believes the trial court erred in the 2010 case, he should not have voluntarily dismissed his appeal in that case. Despite Easterling's complaints, the trial court's 2010 judgment is not void and remains in effect. Hafer was found to be statutorily immune from the claims Easterling alleged in that case. Easterling cannot challenge the correctness of that decision in this case. Nor can he have the 2010 judgment vacated in this case. The proper avenue to challenge the 2010 judgment was in the 2010 case. The first assignment of error is overruled.

{¶ 8}    Easterling's second assignment of error states:

"THE TRIAL COURT ERRED WHEN IT ASSIGNED CASE 2011 CV 01813 TO THE SAME TRIAL COURT JUDGE WHO COMMITTED FRAUD AGAINST THE PLAINTIFF BY IGNORING RULE 12(B7) IN CASE 2010 CV 2337."

{¶ 9}    Here Easterling complains about the same visiting trial court judge being assigned to hear the present case and his 2010 case. He contends the judge committed fraud against him in the 2010 case and should have been declared ineligible to preside over this case. This argument lacks merit. As set forth above, the 2010 judgment remains valid, and

there has been no showing of fraud in that case. Moreover, we see no indication that Easterling sought disqualification of the visiting judge. A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the trial court on that basis. *Beer v. Griffith*, 54 Ohio St.2d 440, 441–442, 377 N.E.2d 775 (1978). The second assignment of error is overruled.

{¶ 10}   Easterling's third assignment of error states:

"THE [TRIAL] COURT IS LYING AND ATTEMPTING TO MAKE A MOCKERY OF THE PLAINTIFF'S CASE WHEN IT STATED 'THE PLAINTIFF SUBMITTED ONLY EVIDENCE AND ARGUMENT PERTAINING TO THE DISMISSAL OF THE UNDERLYING CASE FILED BY EASTERLING, CASE #2009 CV 8648.'"

{¶ 11}   In this assignment of error, Easterling contends the trial court erred in finding that his opposition to summary judgment addressed only "the dismissal" of the 2009 case, *Easterling v. Croswell Bus Lines*, which was the subject of Easterling's 2010 lawsuit against Hafer. We see no reversible error.

{¶ 12}   In opposing Hafer's summary judgment motion in this case, Easterling submitted the following evidence: (1) a computer print out of the docket summary in the 2009 case; (2) a copy of a trial court order in the 2009 case; (3) two affidavits from Easterling addressing Hafer's actions in the 2009 case; and (4) a photocopy of Civ.R. 12. (See Doc. #23).

{¶ 13}   With the possible exception of the photocopy, Easterling's evidence and argument opposing summary judgment in this case related to the 2009 case. Easterling is technically correct that not all of that evidence pertained to "the dismissal" of the 2009 case, as the trial court stated. Some of the evidence concerned Hafer's actions in the 2009 case. The

trial court's point, however, was that Easterling's evidence ignored the res judicata issue and repeated allegations against Hafer that he had pursued in his 2010 lawsuit. The third assignment of error is overruled.

{¶ 14} Easterling's fourth assignment of error states:

"THE TRIAL COURT JUDGE ERRED WHEN HE GRANTED A DISMISSAL BASED UPON RES JUDICATA AND ISSUE PRECLUSION IN CASE 2011 CV 1813 WHEN THE COURT DEFRAUDED THE PLAINTIFF OF HIS RIGHTS UNDER RULE 12(B7) WHICH ALLOWED FOR THE COURT TO IMPROPERLY GRANT SUMMARY JUDGMENT WHICH INSTITUTES RES JUDICATA AND ISSUE PRECLUSION WITHOUT LITIGATING ANY ISSUES."

{¶ 15} In his last assignment of error, Easterling contends the trial court erred in applying res judicata because the 2010 judgment "was not valid." Easterling maintains that the 2010 judgment should not have been entered against him. Therefore, he asserts that there should be no res judicata effect here. As set forth above, however, Easterling cannot challenge the correctness of the trial court's 2010 judgment in this action. Accordingly, his fourth assignment of error is overruled.

{¶ 16} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Warren Easterling
Mathias H. Heck
John A. Cumming
Hon. Sumner E. Walters, (Sitting for Steven K. Dankof)