[Cite as *State v. Sankey*, 2018-Ohio-2677.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


STATE OF OHIO,                                    :          **O P I N I O N**

    Plaintiff-Appellee,          :

                   **CASE NO. 2017-A-0080**

 - vs -                                              :

ROBERTO SANKEY a.k.a.,                      :
ROBBIE ROYCE SANKEY,
             :
    Defendant-Appellant.


Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00195.

Judgment: Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Roberto Sankey*, pro se, PID: A693-244, Trumbull Correctional Institution, 5701 Burnett Road, Leavittsburg, OH 44430 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.


{¶1} Appellant, Roberto Sankey, appeals the trial court's October 31, 2017 decision overruling his postconviction motions. We affirm.

{¶2} In November of 2016, Sankey pleaded guilty to telecommunications fraud, passing bad checks, grand theft with a specification, and attempted grand theft. He was

represented by counsel and was sentenced to a total of five years in prison. He did not appeal.

{¶3} In May of 2017, Sankey filed a "sentencing reconsideration" letter with the court requesting a "meeting" to discuss his case, and in June of 2017, he filed a petition to vacate his sentence arguing that his sentence is disparate from his codefendant's and that the trial court judge should recuse herself due to her association with his codefendant. In August of 2017, Sankey filed an affidavit in support in which he avers that the judge purchased "knock-off" purses from his codefendant's wife and that his codefendant frequented her family's restaurant. He claims that this "relationship" was the reason his codefendant received a lesser sentence. The Supreme Court, however, denied the affidavit of disqualification that Sankey filed.

{¶4} The trial court subsequently overruled his request for a meeting, noting that the case was closed. It also overruled his petition for postconviction relief that sought to set aside his sentence. It rejected Sankey's claim that he should have received no more prison time than his codefendant explaining that Sankey pleaded guilty to more serious charges, had more than one criminal case pending against him, and had a criminal history. The trial court also rejected Sankey's claim that the trial court judge was biased, stating that the allegations were untrue and lacked any factual support.

{¶5} Sankey's first of two assigned error asserts:

{¶6} "Whether or not the court erred in the disparity in sentence between the defendant and co-defendant."

{¶7} Appellate courts should uphold a trial court's decision granting or denying a postconviction petition absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d

2

377, 2006-Ohio-6679, 860 N.E.2d 77, ¶1. An abuse of discretion is a term of art that means the trial court's judgment does not comport with reason or the record. *Ivancic v. Enos,* 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70, citing *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶30.

**{¶8}** "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error * * *. By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Ivancic* quoting *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶67.

**{¶9}** Here, Sankey first argues that his sentence lacks parity with his codefendant's sentence and that he should have received less prison time because he cooperated with the FBI. He also asserts that the trial court judge acted impartially because his codefendant's wife sold knock-off designer purses to the judge and frequented her family's restaurant. Thus, he argues these errors collectively require resentencing.

**{¶10}** As for his parity in sentencing argument, "[t]here is no requirement that co-defendants receive equal sentences[,]" and as such, a defendant cannot challenge his sentence because it is disproportionate from that of his codefendant's. *State v. Lloyd,* 11th Dist. Lake No. 2002-L-069, 2003-Ohio-6417, ¶21. Instead, trial courts have discretion in imposing a prison term within the statutory range and are required to assess the applicable sentencing factors upon imposing a defendant's sentence. R.C. 2929.12(A). Appellate courts then can review "whether the sentence is proportionate to

3

the severity of the offense committed." *State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013-Ohio-4372, ¶76.

{¶11} Sankey does not argue that his sentence is not within the applicable range or that the trial court failed to consider applicable sentencing factors. Notwithstanding, any challenge in this regard would be barred by res judicata because a defendant may not file a motion for postconviction relief asserting errors that could have been raised in a direct appeal. *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

{¶12} Moreover, Sankey raised this issue in his sentencing memorandum, which was filed before he was sentenced, claiming he should have received less time than his codefendant because he cooperated with the FBI. And although his codefendant's sentence, record, and criminal history are not before us, the trial court's explanation for imposing a greater sentence in Sankey's case comports with reason and the record. The trial court explains that he was facing criminal charges in another case, had a prior criminal record, and pleaded guilty to more serious charges than his codefendant. These are factors a trial court is to consider when fashioning a criminal sentence. R.C. 2929.12(A).

{¶13} As for Sankey's argument that the trial court judge should have recused herself due to bias, the Supreme Court rejected his affidavit of disqualification finding that he failed to present sufficient grounds for the judge's disqualification.

{¶14} As cause for his complaint for recusal filed in the Supreme Court, Sankey states the same reasons he argues now, i.e., the trial court judge's ongoing friendship with his codefendant and his wife resulted in his codefendant receiving a more lenient sentence.

4

**{¶15}** R.C. 2701.03 provides the exclusive means for a party to secure the removal of a judge. *State v. Russell*, 2nd Dist. Clark No. 2016-CA-48, 2017-Ohio-7198, 95 N.E.3d 1142, ¶15-16, citing *State v. Qualls*, 2d Dist. Montgomery No. 26423, 2015-Ohio-2182, 2015 WL 3540685, ¶7-8; *State v. Hussein,* 10th Dist. Franklin No. 15AP-1093, 2017-Ohio-5519, ¶9, *appeal not allowed,* 151 Ohio St.3d 1511, 2018-Ohio-365, 90 N.E.3d 950.

**{¶16}** "'A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the trial court on that basis.'" *Id.; State v. Haywood,* 9th Dist. Summit No. 28040, 2017-Ohio-8299, ¶20, *appeal not allowed,* 152 Ohio St.3d 1465, 2018-Ohio-1795, 97 N.E.3d 501.

**{¶17}** Thus, because Sankey raised this precise issue to the Supreme Court, and it denied his affidavit of disqualification explaining that he "failed to establish sufficient grounds for the judge's disqualification[,]" we lack authority to rule on this issue. Regardless, we note that Sankey raises this alleged bias to demonstrate that his codefendant received a more lenient sentence. Sankey, however, fails to demonstrate how the judge's alleged relationship with his codefendant negatively impacted the sentence he received.

**{¶18}** Sankey's first assignment of error lacks merit in its entirety.

**{¶19}** His second assigned error asserts:

**{¶20}** "Whether or not the court erred in self-judgment and vindication where the court fails to allow the defendant to substantiate his facts at a hearing?"

**{¶21}** Here Sankey contends the trial court erred in summarily denying his postconviction motions without holding a hearing.

5

{¶22} As the trial court found, however, an evidentiary hearing is not required under the statute when the petition, affidavits, evidence, and the record do not show "that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999) paragraph two of the syllabus; *State v. Jackson,* 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).

{¶23} "Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights of a magnitude sufficient to render the judgment void or voidable. *See* R.C. 2953.21(A); *Calhoun* at 282-283, 714 N.E.2d 905." *State v. McKelton,* 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, 55 N.E.3d 26, ¶9, *appeal not allowed,* 147 Ohio St.3d 1505, 2017-Ohio-261, 67 N.E.3d 823.

{¶24} In light of our finding that Sankey's postconviction motions do not set forth meritorious claims for relief, an evidentiary hearing was not required. Thus, this assigned error lacks merit.

{¶25} The trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concurs.

6