[Cite as *State v. Gause*, 2024-Ohio-372.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DANIEL L. GAUSE | : | Case No. CT2023-0037 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. CR2023-0069


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     February 1, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN CONNOR DEVER                 RICHARD D. HIXSON
27 North Fifth Street                    3808 James Court
P.O. Box 189                             Suite 2
Zanesville, OH  43702                   Zanesville, OH  43701

*King, J.*

{¶ 1}   Defendant-Appellant Daniel L. Gause appeals the May 24, 2023 judgment of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio. We affirm the trial court.

## Facts and Procedural History

{¶ 2}   A full recitation of the underlying facts is unnecessary for our resolution of this appeal. On September 15, 2022, Gause provided a fentanyl-related compund to J.M. The same day, J.M. died of an overdose. On February 2, 2023, the Muskingum County Grand Jury returned an indictment charging Gause with one count of involuntary manslaughter, a felony of the first degree, one count of corrupting another with drugs, a felony of second degree, two counts of trafficking, felonies of the fifth degree, and one count of illegal cultivation of marijuana, a felony of the third degree.

{¶ 3}   On April 3, 2023, following negotiations with the state, Gause pled guilty to involuntary manslaughter and corrupting another with drugs. In return, the state dismissed the balance of the indictment, stipulated that the charges would merge for sentencing, and that the state would elect to sentence Gause on the charge of corrupting another with drugs. The parties did not agree on a sentence, but rather that each party would argue for the sentence they felt appropriate. The trial court ordered a presentence investigation and set the matter over for sentencing.

{¶ 4}   Gause appeared for sentencing on May 22, 2023. The trial court discussed the pre-sentence investigation, Gause's extensive prior record, and heard from surviving members of the victim's family and Gause's mother. The trial court imposed a maximum 8-year sentence for an aggregate indefinite sentence of 8 to 12 years.

{¶ 5}   Gause filed an appeal and the matter is now before this court for consideration, He raises one assignment of error as follows:

I

{¶ 6}   "DEFENDANT/APPELLANT'S MAXIMUM SENTENCE OF MINIMUM EIGHT YEARS AND MAXIMUM OF TWELVE YEARS WAS ERRONEOUS, AS THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS THAT IT CONSIDERED THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING UNDER R.C. 2929.11."

{¶ 7}   In his sole assignment of error, Gause challenges his maximum sentence. He concedes his sentence is within the statutory range and that the sentencing judgment entry indicates the trial court considered R.C. 2929.11 and 2929.12. He argues, however, that his sentence is contrary to law because it is not consistent with sentences imposed for similar crimes committed by similar offenders. We disagree.

Applicable Law

{¶ 8}   We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 9}   Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 10} The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. A sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2d Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25.

{¶ 11} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Supreme Court of Ohio found R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." And further that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

Gause's Arguments

{¶ 12} Gause argues there are multiple examples of similarly situated offenders receiving significantly lesser sentences for similar crimes. However, Gause raises this issue for the first time on appeal and has not presented a plain error argument. He has forfeited review of this issue. *State v. Hammock*, 5th Dist. Richland No. 18CA27, 2018-Ohio-3914, ¶ 30; *State v. Osborne*, 9th Dist. Lorain No. 15CA010727, 2017-Ohio-785, ¶ 8.

{¶ 13} But even if that were not true, Gause's argument is still without merit. Consistency does not mean uniformity. In *State v. Zwelling*, Muskingum No. 2007-Ohio-3691, ¶ 44, this court noted:

> "Simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency. *State v. Gorgakopoulos*, [8th Dist. No. 81934, 2003-Ohio-4341] at ¶ 23. * * * '[i]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a

sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. * * *."

{¶ 14} Upon review of the record, we find Gause raises this argument for the first time on appeal, has provided no plain error analysis, and has therefore forfeited review of the issue. Even so, we find the record reflects trial court duly considered the purpose and principals of sentencing contained in R.C. 2929.11, and further that Gause cannot show his sentence is grossly inconsistent with the sentences imposed on similarly situated offenders. Accordingly, the sole assignment of error is overruled.

{¶ 15} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Hoffman, P.J. and

Baldwin, J. concur.