[Cite as *State v. Crislip*, 2026-Ohio-789.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ASHLEY CRISLIP
a.k.a. ASHLEY WINTERS,

        Defendant-Appellant.

CASE NO. 2025-T-0046

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00764

---

## OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Aaron M. Meikle*, 173 West Market Street, Warren, OH 44481 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Ashley Crislip, a.k.a. Ashley Winters, appeals the judgment of the Trumbull County Court of Common Pleas sentencing her to a term of 36 months in prison after she pleaded guilty to an amended indictment which included multiple felony charges. We affirm.

{¶2} Appellant entered a plea of guilty to an amended indictment charging her with one count of trafficking in cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1) and (C)(4)(a); one count of trafficking in fentanyl-related compound, a

felony of the fifth degree, in violation of R.C. 2925.03(A)(1) and (C)(9)(a); one count of trafficking in cocaine, a felony of the fourth degree, in violation of R.C. 2925.03(A)(1) and (C)(4)(b); two counts of trafficking in fentanyl-related compounds, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1) and (C)(9)(b); one count of possession of cocaine, a felony of the third degree, in violation of R.C. 2925.11(A) and (C)(4)(c), with a forfeiture specification pursuant to R.C. 2941.1417(A), R.C. 2981.02(A)(1)(b) and/or (A)(1)(c)(i), and R.C. 2981.04; one count of possession of heroin, a felony of the third degree, in violation of R.C. 2925.11(A) and (C)(6)(c); and one count of possession of a fentanyl-related compound, a felony of the third degree, in violation of R.C. 2925.11(A) and (C)(11)(c). Pursuant to statute, the third-degree felonies to which appellant pleaded guilty carried a presumption of a prison term. *See* R.C. 2925.11(C)(4)(c), (C)(6)(c), and (C)(11)(c).

{¶3}   During the plea hearing, the State asserted that, had the matter gone to trial, it would have established that appellant, on June 18, 2019, sold a confidential informant .35 grams of cocaine and .18 grams of fentanyl. On the following day, appellant sold a confidential informant .18 grams of a fentanyl mix and .34 grams of cocaine. Each of these transactions took place within the vicinity of Warren G. Harding High School. Later, on July 11, 2019, appellant sold a confidential informant .27 grams of a fentanyl mix and this transaction also took place within the vicinity of Warren G. Harding High School. Finally, on July 16, 2019, members of the drug action task force executed a search warrant for appellant's residence. Officers recovered 10 grams of fentanyl, approximately 10 grams of heroin, approximately 20 grams of cocaine, $512 in cash, as well as firearms.

{¶4} After a thorough colloquy, the trial court accepted appellant's guilty plea and ordered a presentence investigation report ("PSI").

{¶5} At sentencing, the court stated it had considered the record, oral statements, the PSI, and any victim impact statements. The court also considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The court then ordered appellant to serve a term of 36 months in prison.[1]

{¶6} Appellant now appeals the judgment of conviction and assigns four errors for this court's review. Because her first two assigned errors are related, they shall be addressed together. They provide, respectively:

> [1.] The trial court erred by considering improper, speculative, and personal factors at sentencing, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution and R.C. 2929.11 - 2929.12.
>
> [2.] The trial court failed to properly weigh mitigating evidence and rehabilitation presented in the PSI, rendering the sentence contrary to law under R.C. 2929.11 and R.C. 2929.12.

{¶7} R.C. 2953.08(G) governs an appellate court's review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14,

---

1. The court ordered 12 months in prison for each of the felony-four and felony-five counts and 36 months for each of the three felony-three counts, all to be served concurrently for an aggregate term of 36 months.

Case No. 2025-T-0046

or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) [t]hat the sentence is otherwise contrary to law" R.C. 2953.08(G)(2)(a) and (b), *see also State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.); *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

{¶8} """[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.""" *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.), quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶9} That said, "this court has frequently noted that 'even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations.'" *Lamb* at ¶ 10, quoting *Shannon* at ¶ 17.

{¶10} "[A] trial court 'fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors.'" *State v. Clinton*, 2017-Ohio-9423, ¶ 243, quoting *State v. Smith*, 2014-Ohio-1520, ¶ 14 (8th Dist.).

{¶11} Further, even where the record is silent as to R.C. 2929.11 and R.C. 2929.12, there is a presumption that the court considered the required factors; that is, consideration of the appropriate factors set forth in R.C. 2929.11 and R.C. 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 2014-Ohio-29, ¶ 13 (8th Dist.). And, significantly, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42.

Case No. 2025-T-0046

{¶12}   We initially point out that, appellant did not raise any of the points with which she takes issue under these assigned errors at the sentencing hearing and, in this respect, they are forfeited for all but plain error. *See State v. Gause*, 2024-Ohio-372, ¶ 14 (5th Dist.) (concluding an appellant who raises the issue of "consistency" in sentencing for the first time on appeal, and has offered no plain error analysis, and has forfeited review of the issue); *State v. Spahr*, 2009-Ohio-4609, ¶ 34 (2d Dist.) (concluding that an appellant's failure to raise or object to factual matters addressed at sentencing forfeited those issues on appeal save plain error.).

{¶13}   Appellant first argues that the trial court failed to fully and carefully consider the R.C. 2929.11 and R.C. 2929.12 factors. She maintains various factors militate in favor of a less severe sentence because (1) none of the "seriousness" factors under division R.C. 2929.12(B) were applicable to her case; (2) three of the four factors (considerations making her conduct less serious) pursuant to RC. 2929.12(C) were present and ignored by the trial court; and (3) the factors under R.C. 2929.12(D) and (E) indicate she is unlikely to recidivate.

{¶14}   Here, the trial court stated it "considered the purposes and principles of felony sentencing, including 2929.11 and 2929.12, [i.e.,] the relevant seriousness and recidivism factors." Appellant's sentence is not contrary to law because it is within the statutory range and the trial court considered the relevant factors. And, significantly, because a presumption of prison time attached to each felony-three count to which appellant pleaded, she could have received up to nine years on these counts alone. She received 36 months. In this regard, appellant's sentence cannot be viewed as particularly harsh.

Case No. 2025-T-0046

{¶15} Given the narrow scope of our standard of review under R.C. 2953.08(G)(2)(a), "we are prohibited from 'looking behind' the court's decision with respect to R.C. 2929.11 and R.C. 2929.12." *State v. Orr*, 2024-Ohio-4707, ¶ 12 (2d Dist.).

{¶16} As such, this court has underscored "and admonish[ed] all counsel in this district to observe, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *State v. Gibbs*, 2022-Ohio-4792, ¶ 60-61 (11th Dist.) (citing multiple cases from this district underscoring the untenability of arguments challenging individual sentences via R.C. 2929.11 and R.C. 2929.12, pursuant to R.C. 2953.08(G)(2)(a)).

{¶17} Given this point, this court, in *State v. Little*, 2024-Ohio-5375, ¶ 12 (11th Dist.), observed that it "does not seek to upbraid the defense bar for advancing arguments in prosecuting a defendant's appeal of right. Unless, however, the General Assembly revisits this court's standard of review relating to the R.C. 2929.11 and R.C. 2929.12 factors, we are simply without statutory authority to review whether the record supports an individual sentence under those provisions." Accordingly, appellant's arguments challenging the trial court's failure to adequately consider or weigh the R.C. 2929.11 and R.C. 2929.12 factors are without merit.

{¶18} Next, appellant takes issue with the trial court's post-sentencing remarks. Specifically, after the trial court ordered appellant to serve 36 months in prison, the trial court admonished appellant regarding the nature and context of the crimes she committed. Appellant maintains the rebuke rendered her sentence contrary to law

because it demonstrates the court based its decision upon "speculative community harm and personal comparisons." We do not agree.

{¶19} After ordering each sentence to be served concurrently, for a total of 36 months, the trial court stated:

> I understand that you care about your children. But, quite frankly, what about all those children that grew up and went to Warren Harding and had you sitting there selling them fentanyl, heroin, cocaine, and what about them being poisoned? All those parents who were really concerned about their children, who brought up their children to the age of 13, 14, and then they are addicted on drugs.
>
> You, ma'am, are - - as a grandmother of three young children, the kind of person that you like would be the scariest person to me because you look like my daughter-in-law. You look like her friends. And nobody would come to you with fear, and yet you're there trying to poison them. Okay? So I am giving you [three] years because of what you did. I think you are sincere about wanting to change your life, but I haven't had proof of that at this time based on your behavior then. You had a child in your home when you were selling drugs. Your child.

{¶20} As emphasized above, the judge's comments occurred after she imposed sentence. Sequentially, therefore, we cannot conclude the comments were causally related to or formed the foundation for the sentence the judge imposed.

{¶21} To the extent appellant asserts the foregoing comments shaped the trial court's sentence or were improperly based only on the judge's personal views, we underscore that "[a] judge's sentencing requires the exercise of personal judgment; the court is not required to divorce itself from all personal experiences and make [its] decision in a vacuum." *State v. Cook*, 65 Ohio St.3d 516, 529 (1992). Judges are humans, not automatons. They bring personal experience and empirical grounding to their position. They do not simply regurgitate legal principles or mechanically rule on filings, and neither

Case No. 2025-T-0046

the bar nor society at large would desire a judge to simply fill such a role. Indeed, how could a judge be effective if he or she operated outside of the society that he or she serves? A judge does not merely serve as a judge but functions as a citizen as well as a person.

{¶22} To this point, the Supreme Court of the United States has observed:

> We have never suggested that the United States Constitution requires that a sentencing process should be transformed into a rigid and mechanical parsing of statutory aggravating factors. But to attempt to separate the sentencer's decision from his [or her] experiences would inevitably do precisely that. It is entirely fitting for the moral, factual, and legal judgment of judges . . . to play a meaningful role in sentencing. We expect that sentencers will exercise their discretion in their own way and to the best of their ability. As long as that discretion is guided in a constitutionally adequate way . . . and as long as the decision is not so wholly arbitrary as to offend the Constitution, the [Constitution] cannot and should not demand more.

*Barclay v. Florida*, 463 U.S. 939, 950-951 (1983).[2]

{¶23} We, of course, recognize a sentencing judge is bound to consider the relevant factors as required by the sentencing law. Nevertheless, as emphasized by the above-cited cases, the way a judge performs these duties may be guided by that judge's background and experiences. *See State v. Arnett*, 2000-Ohio-302, ¶ 30-31.

{¶24} Further, appellant's argument that the trial judge acted with bias is unfounded. Appellant did not establish, and the record does not show, that the trial court exhibited bias or prejudice at sentencing. The judge reviewed all relevant sentencing materials, listened to statements from the parties, and lawfully imposed the sentence. The

---

2. We acknowledge that *Barclay* involved a death-penalty case. This, however, only provides a more persuasive foundation for the conclusion that a trial judge, at sentencing for a non-capital felony, commits no error in making observations on record regarding his or her personal perceptions of the facts and circumstances of the matter to the extent those perceptions or observations are not arbitrary or irrelevant.

Case No. 2025-T-0046

trial court's reference to her experience and her judicial comments about the factual foundation of the charged offenses (i.e., the nature of the offenses and where they occurred) do not establish, without more, bias toward appellant. Accordingly, we hold the fact that the trial court's comments were based on her personal experience and unique observations as an individual in the community, did not in any way imply those comments were improper or deprived appellant of due process.

{¶25} As discussed above, the trial court's sentence was within the statutory range, and the court considered the necessary statutory factors.

{¶26} Appellant's first and second assignments of error are without merit.

{¶27} Appellant's third assignment of error provides:

{¶28} "The trial court violated due process by threatening to revoke Ms. Crislip's bond regardless of whether she plead guilty or went to trial, thereby demonstrating that the court had already predetermined to impose a prison sentence, reflecting judicial vindictiveness and a lack of impartiality."

{¶29} Under this assigned error, appellant argues that her right to due process was violated when, during the plea colloquy, the trial court allegedly "threatened" to revoke bond regardless of whether she pleaded guilty or went to trial.[3] Appellant maintains this demonstrated that (1) the trial court forced her to plead guilty, and (2) that incarceration was predetermined. We do not agree.

{¶30} Initially, we point out that the record fails to support appellant's allegation that the trial court threatened to revoke her bond to compel her to enter the guilty plea. During the plea hearing, appellant was given the opportunity to consult with her attorney

---

3. Appellant was apparently being held in jail after her bond was revoked. Nothing in the record, however, indicates why her bond was originally revoked.

Case No. 2025-T-0046

to consider whether she wished to go to trial or plead guilty to the charges in the plea offer. The following exchange occurred at the hearing:

The Court: Do you have any questions about your rights, the charges, the penalties, or anything that's been done here today?

The Defendant: No, Your Honor. I - - would I be able to speak to my attorney?

The Court: After the plea is done.

[Defense Counsel]: Well, Your Honor, I think at this point she might be considering whether or not she wants to enter a plea today or whether she wants to exercise her right to a trial. I believe the Court said that we'd be back on Wednesday for trial?

The Court: Correct. Do you want a few minutes with your client?

[Defense Counsel]: If I could.

The Court: Go ahead back to the jury room, and we will continue with the plea if you want. Otherwise, we will continue with a jury trial this Wednesday.

[Defense Counsel]: And, Your Honor, just on a side note, should we proceed to trial, would the Court reconsider not revoking bond prior - - pending trial? Or is bond being revoked either way?

The Court: Bond is going to be revoked either way.

[Defense Counsel]: May I ask what the basis of that would be?

The Court: She was selling drugs at a school vicinity at Warren G. Harding, including cocaine, fentanyl, fentanyl-related compounds, heroin, and such.

[Defense Counsel]: With all due respect, Your Honor, that was over six years ago. She was not actively selling, like, on the property. The vicinity includes a very great distance.

The Court: Okay.

[Defense Counsel]: I don't know that bond revocation, especially if she were to exercise her right to a trial, would be appropriate.

The Court: Well, we'll discuss that once you decide what you want to do. Go ahead into the jury room, take your time, and I'll have a deputy by the door.

[Defense Counsel]: All right.

{¶31} The dialogue between the trial court and defense counsel demonstrates that, even though the court initially represented bond would be revoked "either way," the trial court stated that, if appellant decided to go to trial, the court would revisit the issue. In fact, appellant vacillated between going to trial and taking the plea. When defense counsel indicated, at first, that appellant wished to proceed to trial, the trial court stated the time the trial would commence but stated that if appellant failed to show up for trial, "the deputies will come to where you are, arrest you and put you in jail, pending this case." This representation indicates that, to the extent appellant wished to proceed to trial, she would be released on bond. After further consultation with defense counsel, however, appellant agreed to plead guilty to the charges.

{¶32} The trial court twice afforded appellant the opportunity to consult with her attorney to make certain that entering the guilty plea was in her best interest. After consultation, defense counsel represented that appellant agreed it would be in her best interest to enter the plea. There is no indication that the court attempted to compel the plea through a "threat" of bond revocation. To the contrary, the trial court was conscientiously open to appellant declining the plea, proceeding to trial, and, if she did so, the court would "discuss," with counsel, the propriety of continuing bond revocation.

Case No. 2025-T-0046

We therefore hold there was no indication of compulsion by threat of bond revocation in this matter.

{¶33} Moreover, appellant's claim that the trial court had "predetermined" imprisonment and therefore exhibited judicial bias is not supported by the record.

{¶34} As it pertains to felony sentencing, "Ohio [appellate] courts have held that a judicial bias claim may be interpreted 'as an argument that [the defendant's] sentence is contrary to law based on a due process violation.'" *State v. Johnson*, 2019-Ohio-4668, ¶ 26 (8th Dist.), quoting *State v. Frazier*, 2017-Ohio-8307, ¶ 15 (8th Dist.); *State v. Power*, 2013-Ohio-4254, ¶ 22 (7th Dist.) ("biased comments at sentencing can be reviewed for due process violations"); *see also State v. Karpovitch*, 2025-Ohio-4323, ¶ 23 (11th Dist.) (quoting both *Johnson* and *Power*). "Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption." (Citation omitted.) *State v. Sharp*, 2020-Ohio-3497, ¶ 11 (12th Dist.). "The evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity." *Id.*

{¶35} After the trial court accepted appellant's guilty plea, the trial court ordered a PSI. To this end, the court stated, "[i]t's my understanding that you have a very limited criminal history. It's a matter of just a couple of misdemeanors." "The purpose of a pre-sentence investigation report is to inform the sentencing judge of relevant aspects of the defendant's history, so that the court will sentence the defendant in an informed, responsible, and fair manner." *State v. Hay*, 2005-Ohio-3443, ¶ 6 (3d Dist.), citing *Machibroda v. United States,* 360 F.Supp. 780 (N.D.Ohio, 1973). The fact that the trial court did not proceed immediately to sentencing but, instead, sought information about

Case No. 2025-T-0046

appellant's background to impose a fair and responsible sentence demonstrates that prison was not pre-determined. We discern no violation of due process and therefore no judicial bias.

{¶36} Appellant's third assignment of error lacks merit.

{¶37} Appellant's fourth assigned error provides:

{¶38} "The trial court erred by failing to inquire into a potential judicial conflict of interest raised on the record, violating the defendant's right to an impartial tribunal under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution, and the Ohio Code of Judicial Conduct."

{¶39} Appellant contends the trial court violated due process by its alleged refusal to inquire into a potential prior attorney-client relationship conflict. As a result, appellant contends there was evidence of judicial vindictiveness, coercion, and a lack of impartiality. We do not agree.

{¶40} After the dialogue between the trial court and defense counsel, regarding whether appellant wished to plead guilty or proceed to trial, defense counsel raised a potential conflict with the trial court. The following exchange took place on the record:

> [Defense Counsel]: While we were discussing all options, it was brought to our attention that should this case proceed to trial, the person who we're pointing the finger at actually had you as an attorney. We didn't get a chance to fully look into that as to whether there would be a conflict. However, this case is directly tied to the individual that you would have represented as defense counsel.
>
> The Court: In this case?
>
> [Defense Counsel]: The people in this case, you have represented - - the addresses would have all been similar.
>
> The Court: Who are they?

Case No. 2025-T-0046

[Defense Counsel]: Robert O. Daniels. And I - - trust me, I understand not remembering and recalling. That's why we had wanted to discuss this with you, to maybe see if there even was a potential [conflict]. But, at this point, I think she would be willing to proceed to trial. We would ask that bond be continued, as she is maintaining her innocence in this matter. She has not done anything to warrant a revocation of bond. She's been there for all the hearings.

The Court: We're going to start picking a jury tomorrow afternoon.

[Defense Counsel]: Thank you.

The Court: Okay? So we will - - we will proceed. I have no idea who Robert - - Robert Daniels is a name that is a very common name. I have no memory of this individual. I definitely did not defend him in this particular case of - - where he's a codefendant, 24-CR-764, because I would have memory of him. I don't know - - so I am not going to maintain that there's a conflict here. I find it disingenuous that you brought this up halfway through a plea agreement when I was ready to revoke her bond after the plea, [defense counsel]. And I stated that to you. This was - - you've had months to enter the issue of a conflict. She knew exactly who I was from the beginning of my pretrials here in this case. So I find this strategic in you bringing this conflict up today. Anyway, I am not going to remove myself from this case. We are picking a jury tomorrow afternoon. Bond will be continued.

. . .

The Court: [To defendant] If you are not here, the deputies will come to where you are, arrest you and put you in jail, pending this case.
[Defense Counsel]: She will be here Your Honor.

. . .

The Court: We are back on record[, after recess,] on State of Ohio versus Ashley Crislip. . . I was going through post-release control notification. I'm going to restart that part since [defense counsel] wanted to have some time with his client to discuss the plea. And we gave both he and his client over an

Case No. 2025-T-0046

hour to discuss whether he wanted - - she wanted to continue
with the plea. And apparently she has decided to do so.

{¶41} R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *State v. Sankey*, 2018-Ohio-2677, ¶ 15 (11th Dist.); *see also State v. Osie*, 2014-Ohio-2966, ¶ 62; *Peterman v. Stewart,* 2008-Ohio-2164, ¶ 46 (5th Dist.). The Supreme Court has held that a court of appeals "lacks jurisdiction to review" a trial court's denial of a motion to recuse him or herself. *State ex rel. Hough v. Saffold*, 2012-Ohio-28, ¶ 2, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978) ("[s]ince only the Chief Justice or [her] designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis"). Indeed, in *Saffold*, the Court stated a party is not "entitled" to a final, appealable order on a party's motion for a judge to recuse him or herself. *Id.* at ¶ 1-2. Thus, an appellate court clearly lacks any authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *Sankey* at ¶ 16; *see also Easterling v. Hafer*, 2012-Ohio-2101, ¶ 9 (2d Dist.).

{¶42} In this case, there was no formal or oral motion to recuse filed. Nor was an affidavit of disqualification filed with the Supreme Court of Ohio pursuant to R.C. 2701.03. An appellant who fails to file an affidavit of disqualification cannot complain on appeal that the trial judge was biased. *Osie* at ¶ 64-65, citing *State v. Moore*, 2001-Ohio-1892, ¶ 4; *State v. Hale*, 2008-Ohio-3426, ¶ 78. Even if such a motion were made, this court lacks jurisdiction to consider its denial.

{¶43} "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . ." *Bordenkircher v. Hayes,* 434

U.S. 357, 363 (1978). As such, a sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right, e.g., the right to a jury trial or the right to appeal. *See United States v. Goodwin,* 457 U.S. 368, 372 (1982) (To be vindictive and thus impermissible, a sentence must be designed to punish an individual for "exercising a protected statutory or constitutional right.").

{¶44} Judicial vindictiveness in sentencing is typically alleged where a defendant, on remand, is subjected to a harsher punishment than that initially imposed. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 724-725 (1969). Here, appellant was sentenced *for the first time* and that sentence, as discussed above, was within the statutory range and not contrary to law.

{¶45} Moreover, there is nothing in the record suggesting that the trial court imposed its sentence (or threatened to impose the sentence) for appellant exercising her rights. The trial court allowed appellant to consult with her attorney on two occasions after the plea colloquy commenced. Appellant was therefore afforded ample opportunity to determine whether she desired to enter a plea or proceed to trial. She eventually elected to enter a guilty plea. Although appellant was ordered to serve 36 months (the maximum for a third-degree felony under these circumstances, *see* R.C. 2929.14(A)(3)(b)), she could have been ordered to serve a significantly greater sentence for the various crimes to which she pleaded guilty. Considering the facts, appellant has failed to demonstrate the trial court acted vindictively or otherwise violated her due process rights. We find no constitutional or statutory infirmities in the trial court's sentence.

{¶46}  Appellant's final assignment of error lacks merit.

{¶47}  The judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0046

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE EUGENE A. LUCCI

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0046